**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROSA ISELA DE LA CRUZ MARTINEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1439-J** |
| **v.** | ) | |
| | ) | |
| **MARKWAYNE MULLIN, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Rosa Isela De La Cruz Martinez, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondents filed a response, Doc. 7, and the time for Petitioner to reply has lapsed. So the matter is at issue.

---

[1] Fred Figueroa, Warden of the Diamondback Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 7, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part, and order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner.

## I. Factual background and procedural history.

Petitioner entered the United States in 1999 without inspection and has resided continuously here for 27 years. Doc. 1, at 2. On June 12, 2026, the Department of Homeland Security (DHS) arrested her and placed her in removal proceedings under 8 U.S.C. § 1229a. *Id.* at 2-3.

## II. Petitioner's claims.

Petitioner asserts two grounds for relief: (1) violation of the Immigration and Nationality Act (INA); and (2) violation of her Fifth Amendment Due Process rights through her unlawful detention without due process. *Id*. at 20-23. She seeks: (1) an order that she not be transferred outside this District while this action remains pending;[4] (2) a declaration that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs her detention, and that her continued detention without an individualized bond hearing is unlawful under the INA and the Due Process Clause of the Fifth Amendment; (3) a Writ of Habeas Corpus directing Respondents to immediately release Petitioner from custody within one day of

[4] The Court addressed this request in its Order for Response, Doc. 5.

this Court's Order; (4) in the alternative, issue a Writ of Habeas Corpus directing Respondents to release Petitioner unless, within seven days of this Court's Order, Respondents provide Petitioner an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a danger to the community or a risk of flight; and (5) an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other basis justified under law.[5]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

---

[5] Any application for fees must be filed within thirty days of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B).

## IV. Discussion.

### A. Section 1226 governs Petitioner's detention.

"[T]his Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. April 20, 2026). "This conclusion is in accord with *Santillan Quiroz [v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026)], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."). Respondents acknowledge *Santillan Quiroz* applies, without conceding their argument. Doc. 7, at 1-2.

Petitioner has been residing in the United States for twenty-seven years and was present in the country when DHS detained her. So she "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls her detention and entitles her to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

The Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days, or

else release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### B. The Court should decline to address Petitioner's remaining claim.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's second claim for relief. The Court can grant her relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to**

**provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Diamondback Correctional Facility and the Logan County Jail in Guthrie, Oklahoma.[6]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 11, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to

---

6 It is unclear where Petitioner is detained. Her counsel states she is or was detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1, at 2, 6. He also states that "[h]er last known location of detention, at the time of filing, is the Logan County Sheriff's Office in Guthrie, OK." *Id.* at 7.

7 Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 1st day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE