**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ROSA ISELA DE LA CRUZ MARTINEZ, )
)
Petitioner, )
)
v. ) Case No. CIV-26-1439-J
)
MARKWAYNE MULLIN, et al., )
)
Respondents. )

**ORDER**

Petitioner Rosa Isela De La Cruz Martinez, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement. She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued a Report and Recommendation [Doc. No. 8] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing, as required by 8 U.S.C. § 1226(a), within seven days or else release Petitioner if she has not received a bond hearing within that period. Judge Mitchell further recommended that the Court decline to address Petitioner's remaining claims. [Doc. No. 8 at 5]. The objection deadline has now passed and neither party has filed a timely objection, a motion, or otherwise communicated with the Court.[1] The parties have therefore waived the right to appellate

[1] The deadline to file objections to the Report and Recommendation was September 11, 2026. [Doc. No. 8 at 6–7]. On September 14, 2026, Respondents filed an objection to the Report and Recommendation without first seeking leave to file the objection out-of-time. [Doc. No. 9]. Because it was filed out-of-time and without the Court's permission, the Court STRIKES Respondents' objection to the Report and Recommendation [Doc. No. 9]. Additionally, the Court notes that Respondents previously acknowledged that this matter is controlled by the Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). [Doc. No. 7 at 1].

review of the factual and legal issues addressed in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Upon review of the Report and Recommendation, and in light of the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Court concurs with Judge Mitchell's finding that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.[2]

Accordingly, the Report and Recommendation [Doc. No. 8] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or otherwise release Petitioner if she has not received the hearing within that period. Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 14th day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[2] Because the Court grants Petitioner relief on this issue, it declines to address her remaining claims.